Wilde J.
delivered the opinion of the Court. Both parties are dissatisfied with the verdict, and on different grounds severally move for a new trial. We think, however, that substantial justice has been done, and that no sufficient reason appears for sending the cause to another trial.
It is contended on the part of the defendant, that this action cannot be maintained, because, in the first place, the covenant declared on is void in law ; and secondly, if not so, that no sufficient breach haá been proved.
The plaintiff maintains that she is entitled to further damages, and that the rule for assessing damages was not corréctly stated to the jury.
In support of the first objection, the defendant’s counsel have cited divers authorities to establish the position, that if in a deed of sale with covenants, the sale appears to be void on the face of the deed, all the covenants are void also.
This is no doubt true in respect to all covenants which are relative and dependent; but in respect to collateral and inde *290 pendent covenants the rule is not applicable. 2 Bac. Abr. Covenant, G. That the rule is thus limited, appears from the current of the authorities cited by the defendant’s counsel. In the case of Soprani v. Skurro, Yelv. 19, the point decided is, that if the lessor does not sign the indenture of demise, as well as the lessee, no interest passes, and the covenants do not bind ; and the reason given is, that the covenants depend on the demise.
The next case cited by the defendant’s counsel is the cast) of Kerrison v. Cole, 8 East, 231, in which it was decided, that though a bill of sale of a ship by way of mortgage may be void for want of reciting the certificate of registry therein, yet the mortgager may be sued upon his personal covenant contained in the same instrument, for the repayment of the money lent. This is a very strong case to show that the rule in question is applicable only to dependent covenants. “ All dependent covenants,” says Lord Ellenborough, “ must share the fate of the principal covenant.” But the court sustained the action, on tire ground that the covenant was collateral and independent, and was valid, notwithstanding the sale or mortgage was declared void to all intents and purposes by statute, and although the defect in the bill of sale was apparent on the face of it.
The same point was in the same manner decided in the case of Mouys v. Leake et al. 8 T. R. 411. In that case a grant of a rent charge had been made which was void by the St. 13 Eliz. c. 20, and in the deed of grant there was a personal covenant rby the grantor to pay the rent charge. The court held that the personal covenant was binding. In that case also the defect appeared on the face of the deed. '
The same principle is laid down in the case of Gaskell v. King, 11 East, 165. In that case it was decided, that although one of several covenants in a deed be void by statute, yet that it shall not avoid the other covenants, unless they be dependent. The case of Northcote v. Underhill, 1 Salk. 199, is also an authority in support of the same general principle, that where a deed of sale is void, so that no estate passes, all dependent covenants are void also ; otherwise of independent covenants.
*291 From a review of these cases it appears very clear that the principle assumed by the defendant’s counsel cannot be maintained, except in relation to dependent covenants, and is not applicable to the covenant in question, which is collateral to the grant, and not depending on its validity, within the meaning of the rule laid down in the cases referred to. It is similar to the usual covenant of seisin, which does not depend on the passing of the estate ; on the contrary, it is only intended to operate when the estate does not pass. It is not like a covenant for quiet enjoyment, which is a dependent covenant, as was decided in the case of Capenhurst v. Capenhurst, T. Raym. 27 ; nor like the case of a covenant to perform an award, which would be void, if the award were void ; as was neld in the case of Johnson v. Wilson, Willes, 252. Nor is it like a warranty on a sale of personal property, against defects that are plainly and obviously the objects of one’s senses ; because the supposed defect in this case is not clear and obvious to every understanding, and cannot be ascertained without a degree of skill and knowledge of the law which no one but a lawyer can be presumed to possess.
The objection to the validity of the deed is, that the estate was not advertised for sale thirty days before the time of sale, and this, it is contended, appears on the face of the deed In the recital it appears, that the execution issued within thirty days before the time of sale ; but a recital does not imply absolute verity, but may be explained or contradicted ; and besides, notice of sale might have been given before the execution issued, and the defendant’s counsel have contended in support of their other objection to the verdict, that such a notice would have been legal. But whether it were legal or not, the grantee was not bound to inquire ; he had a right to rely for his security on the defendant’s express covenant, that his proceedings in making sale had been regular.
As to the defendant’s second objection, we think a breach of the defendant’s covenant was sufficiently proved. The defendant covenanted that he had obeyed all the directions of ’.aw relative to the sale. Now one of the directions of law is, that the execution should be returned. The return of the execution relates to the sale, and the sale is void without it. *292 The sale therefore was not completed by giving the deed. At that time the defendant had not complied with all the diiections of law relating to the sale, and so the covenant was broken. It is true the return might have been made after-wards, and it would have related back so as to confirm the title, but this was neglected to be done, and the defendant remains liable for the breach of his covenant. .
As to the rule of damages, the plaintiff was undoubtedly entitled to recover the sum her intestate actually paid for the estate, with interest; but the question is, what sum did he actually pay, and how is this to be ascertained ? It does not conclusively follow that the sum mentioned in the deed as the consideration was the sum actually paid. It might be proved that a less or a larger sum had been paid. Now it appears by the evidence, that all the plaintiff’s intestate gave for the estate was a demand he had against an insolvent debtor, who had no other property liable to attachment, and that he declared, that “ he might as well bid the amount of his debt, as he should get nothing else.” This evidence authorized the jury to infer that the sum bid was merely nominal, and that his demand against his insolvent debtor was worth no more than the value of the estate attachedso that the value of that estate was the true measure of damages.[1]
It is, however, objected that the jury ought not to have taken into the estimate of damages the mortgage deed from Thomas Fry to Nathaniel Fry, because the note secured by it was payable within a limited time, in spinning cotton, the cotton to be furnished by the mortgagee, and that it was not furnished within the time limited. On this point evidence was given tending to show that the agreement as to time had been waived by the mortgager. Of the weight of this evidence the jury were the proper judges, and the evidence seems to be sufficient to support the verdict.
*293 The plaintiff therefore must abide by the verdict in her favor, which appears to give her all the indemnity she is entitled to, either by law or equity.

Judgment according to verdict.

 See Norton v. Babcock, 2 Metc. 510; Comings v. Little, 24 Pick. 266; Thayer v. Clemence, 22 Pick. 490; Brooks v. Moody, 20 Pick. 474 ; Harlow v. Thomas, 15 Pick. 66; Wetmore v. Green, post, 462; Leffingwell v. Elliott, 10 Pick. 204; S. C. 8 Pick. 457; Hooey v. Newton, 11 Pick. 421; Smith v. Strong, 14 Pick. 128; Tufts v. Adams, 8 Pick. 547; White v. Whitney, 3 Metc. 81.